IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDALL DAVID DUE, #96294-020, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-00999-JPG |
| | ) |
| USA, | ) |
| B. MOTON, | ) |
| JEFFERY CHEEKS, | ) |
| and SANTIAGO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Randall Due, an inmate in the custody of the Federal Bureau of Prisons ("FBOP") and housed at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), filed this action pursuant to "*Bevens*,"[1] 28 U.S.C. § 1331, and 28 U.S.C. § 1332. (Docs. 1 and 1-1). Plaintiff claims that officials at FCI-Greenville interfered with his access to the courts and obstructed justice when they refused to sign and return a trust fund certification form to him for filing in support of his motion for leave to proceed *in forma pauperis* ("IFP motion") in *Due v. USA, et al.*, Case No. 21-cv-01074-JPG (S.D. Ill. 2021). He seeks money damages. (*Id.*).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

---

[1] *See Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971).

1

dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the Complaint, Defendant Moton refused to sign Plaintiff's trust fund certification form in the manner and at the time Plaintiff demanded in September 2021. (Docs. 1 and 1-1). Moton instructed Plaintiff to submit a written request for the trust fund certification form, and Plaintiff submitted the following request on September 7, 2021:

> Please fill-out and signature the annexed Court CERTIFICATION "ORDER" listing only the 'available' trust fund account balance of $1.15; for the rest is encumbered by the BOP and is not available for the court or for me to spend; unless you will remove the encumbrance; and immediately provide me with a CERTIFICATION for case No. 3:21-cv-1074-JPG Trust Fund Account print-out; and provide me with a CERTIFICATION and Trust Fund Account print-out for another suit that is going to the court; and Provide me with a copy of this Cop-out with your signature anc (sic) confirmation that you have provided said documents to avoid the felony crime of Obstruction Justice as a result of any delay of said documents requested. IGNORANCE OF THE LAW IS NO EXCUSE, ESPECIALLY FOR YOU!

(Doc. 1-1, p. 8). He received no response to his request from September 7-9, 2021.

On September 9, 2021, Plaintiff filed a complaint with Assistant Wardens Cheeks and Santiago. (*Id*. at 9). Plaintiff explained that he was still waiting for the certification form and demanded this information from the two assistant wardens. (*Id*.). He added: "Now you have been given NOTICE; and what are you going to do? Are you also going to be a party to Obstruction of Justice? It is a felony crime." (*Id*.).

The trust fund certification was ultimately completed and filed in support of Plaintiff's IFP application on September 20, 2021 in *Due v. USA, et al.*, Case No. 21-cv-01074-JPG. (Doc. 7) ("prior action"). Plaintiff was granted leave to proceed IFP in that case. (Doc. 11, prior action). However, he now claims that Defendants Moton, Cheeks, and Santiago obstructed justice and interfered with his access to the courts in violation of his Fifth Amendment due process rights.

**Discussion**

Plaintiff brings this action pursuant to *Bivens*, Section 1331, and/or Section 1332. He complains of a short delay in completion of his trust fund certification form for filing with his IFP motion. However, the Complaint is frivolous and fails to state any claim for relief.

District courts are required to dismiss a "complaint, or any portion of the complaint . . . [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Allegations in a complaint are "factually frivolous" when they are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). A claim is considered legally frivolous when it is "based on an indisputably meritless legal theory." *Felton*, 827 F.3d at 635 (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)).

The facts, alone, support no plausible claim of misconduct by the defendants. Plaintiff filed the prior action on August 30, 2021. (Doc. 1, prior action). He was given thirty days to submit a properly completed IFP motion that included his trust fund certification page. (Doc. 3, prior action). The IFP application was due on or before September 29, 2021. (*Id*.).

Plaintiff submitted the complete application on September 20, 2021, and it included his trust fund certification. (Doc. 7, prior action). This was nine days *before* the deadline. (*Id*.). He was not required to request a single extension. The Court granted Plaintiff leave to proceed IFP in the prior action. (Doc. 11, prior action). There was no unreasonable delay attributable to anyone, including the defendants, that would support a claim of any kind against them. The prior action was dismissed for reasons unrelated to the IFP motion. (Docs. 9 and 10, prior action).

For several reasons, *Bivens* offers Plaintiff with no avenue to relief here. *Bivens* provides a limited damages remedy against individual federal agents for a narrow set of violations of a

plaintiff's federally protected rights. *Id*. The United States Supreme Court first recognized this implied civil damages remedy against individual federal officers who violated a plaintiff's federal constitutional rights under the Fourth Amendment in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The Supreme Court has since recognized this remedy in only two other contexts, including a Fifth Amendment sex discrimination claim in *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment denial of medical care claim in *Carlson v. Green*, 446 U.S. 14 (1980).

More recently, the Supreme Court has emphasized that further expansion of *Bivens* is a "disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. --, 137 S. Ct. 1843 (2017) (declining to extend *Bivens* to Fifth Amendment due process/conditions of confinement/abuse and equal protection claims; and to Fourth/Fifth Amendment strip search claims); *Egbert v. Boule*, -- U.S. --, 142 S. Ct. 1793 (2022) (no *Bivens* remedy for First Amendment retaliation claim or Fourth Amendment excessive force claim). This implied damages remedy simply does not extend to a Fifth Amendment due process claim arising from a denial of access to the courts. And, Plaintiff has other ways of obtaining relief for this type of interference with his court access, by using the prison's internal grievance process to address his complaints, among other things.

Even if this claim was authorized post-*Abbasi* and post-*Egbert*, the Complaint states no plausible claim for interference with court access. To do so, an inmate must demonstrate that his lack of access to legal assistance, a law library, or other materials "hindered his efforts to pursue a legal claim." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). A delay or inconvenience is not enough. *Id*. A plaintiff must show an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 361 (1996). The Complaint describes only a minor delay—and one that caused Plaintiff no actual injury or harm. Accordingly, *Bivens* provides him with no route to relief.

If Plaintiff is using the Complaint to bring criminal charges against the defendants for obstruction of justice, he cannot do so in this civil action. *See* 28 U.S.C. § 1331. Section 1331 vests this Court with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *Id*. Plaintiff alleges that the defendants committed felony obstruction of justice when delaying his trust fund certification, but this Court has no jurisdiction to consider his allegations of criminal misconduct against the defendants in this civil action. The Court's federal question jurisdiction extends only to "civil actions." *Id*.

This court has no diversity jurisdiction over Plaintiff's claims either. 28 U.S.C. § 1332. Plaintiff invokes this Court's diversity jurisdiction in the Complaint. (Doc. 1, p. 1). Diversity jurisdiction requires an amount in controversy that exceeds $75,000 (exclusive of interest and costs) and involves citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Section 1332 requires *complete* diversity of the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In other words, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. Plaintiff filed this action while he was housed at a federal prison located in Illinois, and he now names federal agents who work at FCI-Greenville and presumably lived nearby as defendants. He has neither alleged nor established complete diversity of the parties. Complete diversity is lacking between the single plaintiff and the defendants.

In light of the above, the Court finds that the Complaint is factually and legally frivolous. It states no claim upon which relief may be granted. Accordingly, it shall be dismissed. Moreover, an amendment based on these facts would be futile under *Bivens*, Section 1331, and/or Section 1332, so leave to amend shall be denied. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (district court has broad discretion to deny leave to amend where an amendment would be futile).

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** with prejudice because it is frivolous and fails to state a claim for relief against any defendants. Plaintiff is **ADVISED** that this dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). He is also **ADVISED** that his obligation to pay the filing fee for this action was incurred when the action was filed, thus the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 10/18/2022**                                  s/J. Phil Gilbert
                                                                  **J. PHIL GILBERT**
                                                                  **United States District Judge**